**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JACQUELINE A. LINDSAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORT MYER CONSTRUCTION )<br>CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 23-0480 (CKK) |

**PROTECTIVE ORDER**
(August 4, 2023)

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that certain documents and information produced during discovery in this litigation should be kept confidential to protect the legitimate business interests and confidential personal information of the parties, their clients and business associates, and other persons, and that there is good cause, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to establish the following provisions to govern documents and information produced in discovery in this litigation:

1.  In accordance with the terms of this Agreement and Protective Order, any information recorded in any form or any portion thereof, including any form of evidence contemplated under applicable rules may be designated pursuant to this Agreement and Protective Order as "CONFIDENTIAL" by the non-party person or entity producing it or by any party to this Action (the "Designating Party") if produced or served, formally or informally, pursuant to or in response to any other formal or informal discovery request in this Action. Materials, information or evidence ("material") may be designated by placing or affixing on the first page of the document containing the material, in a manner which will not interfere with its legibility, the word

"CONFIDENTIAL," by listing the Bates numbers of the material and sending a letter to counsel of record with that designation, or by any other means suitable to the nature of the material that makes clear to the party receiving the designated material ("The Receiving Party") that the material is deemed CONFIDENTIAL.

2.  Any document, information, or deposition testimony may be designated as CONFIDENTIAL to protect the legitimate business interests and confidential personal information of the parties, their clients and business associates, and other persons by the producing party, including if it contains:

   a. personal identifying information (PII) of an individual, including, but not limited to, such individual's residential address, telephone number, date of birth, social security number, and/or any other personal identifier unique to such individual;

   b. non-public information contained in an employee or former employees' personnel file;

   c. Client records that must be kept confidential pursuant to agreements between a client and Defendant or a non-party responding to a subpoena;

   d. Proprietary information of Defendant or a non-party responding to a subpoena, including but not limited to employee assignments, joint venture agreements, and project budgets;

   e. Records of Plaintiff's health from any health care provider of Plaintiff; or

   f. Information protected by or specifically prohibited from release by statute or regulation.

Any party may redact PII from documents before disclosure and such redaction does not affect the

designation of said documents as CONFIDENTIAL.

3. Unless and until otherwise ordered by the Court or agreed in writing by the parties, any and all material designated under this Agreement and Protective Order shall not be used or disclosed by The Receiving Party except as provided under the terms of this Agreement and Protective Order. Material designated under this Agreement and Protective Order shall not be used or disclosed by the parties or any persons identified in paragraph 4 below for any purposes whatsoever other than preparing for and conducting this Action (including appeals).

4. If the Designating Party has already produced documents or information and seeks to designate any produced documents or information in a document as CONFIDENTIAL, then it may so designate by listing the Bates numbers and sending a letter to counsel of record with that designation.

5. Information or other materials designated as CONFIDENTIAL may be disclosed only to the following:

    a. persons who appear on the face of the CONFIDENTIAL material as author, addressee or recipient thereof; or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing (but only to the extent of their participation), or in whose files the document or thing was found;

    b. counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

    c. the parties, including individuals assisting an entity with preparation of its case and other corporate agents with a need to know;

    d. any experts or consultants retained for the purposes of this litigation;

    e. other witnesses and potential witnesses who agree to comply with and be

bound by the requirements of the order and (i) who a party knows or reasonably believes has had previous access, or (ii) who have not had previous access, where a party reasonably believes the witness is likely to be called to testify about matters concerning the material the witness is being shown.

        f.    the authorized personnel of vendors supporting the parties in the action, including stenographic reporters;

6. Prior to disclosure to any person in paragraphs 4(d) or (e) above, the person must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

7. Information or materials designated as CONFIDENTIAL may only be disclosed to person described in paragraph 4(a) and 4(e) in the presence of counsel for a party or others described in paragraph 4(b), and such persons may not retain a copy of any document containing information or materials designated as CONFIDENTIAL.

8. Deposition transcripts or portions thereof may be designated as CONFIDENTIAL by a party or Designating Party during deposition testimony taken in this action, in which case the portion of the transcript containing such material shall be identified in the transcript by the Court reporter as CONFIDENTIAL. Where testimony is designated at a deposition, the Designating Party shall have the right to exclude from those portions of the deposition all persons not authorized by the terms of this Agreement and Protective Order to receive such CONFIDENTIAL Material.

9. Unless previously identified as Confidential, any party or Designating Party may, within fourteen (14) calendar days after receiving a deposition transcript or fourteen (14) days after this order, whichever is longer, designate pages of the transcript and/or its exhibits as CONFIDENTIAL. If any party or Designating Party so designates such material, the parties or

deponents shall provide written notice of such designation to all parties within the fourteen (14) day period. CONFIDENTIAL material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL. Until the expiration of the fourteen (14) calendar days' period, any portion of the deposition not previously designated shall be treated as CONFIDENTIAL and subject to protection as provided by this Agreement and Protective Order, provided however, in the instance where the deposition is taken following the discovery cut-off period the parties will promptly identify any such CONFIDENTIAL portions so as to not delay the use of the deposition at trial.

10. All complete or partial copies of CONFIDENTIAL material and written materials derived from CONFIDENTIAL material shall also be deemed subject to the terms of this Agreement and Protective Order.

11. Nothing in this Order shall prohibit the use of or reference to any CONFIDENTIAL material in open Court, at trial or in any deposition; provided, however, that the party using or planning to use such documents/information shall take appropriate steps to eliminate or minimize the risk of disclosure. Such steps shall include: (1) For the filing of any documents with the Clerk of Court, filing under seal any document that is, or contains a copy, reproduction or substantive reference to, CONFIDENTIAL material. Such papers, or any portion of them, which disclose CONFIDENTIAL material, including without limitation any transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents, shall be filed with the Court or the Clerk of the Court in sealed envelope(s) marked "UNDER SEAL," and that lists the case number and name and indicates that the contents are CONFIDENTIAL material that is under a protective order or motion to seal as CONFIDENTIAL. (2) Before using or referring to any "CONFIDENTIAL" documents or information during a deposition, showing the Order to a

deponent in the manner described in paragraph 5 above. Nothing herein shall limit or affect the ability of a party to use material it has designated CONFIDENTIAL in any way it deems appropriate. Moreover, at a trial of any claims raised in this matter or other evidentiary proceeding in open court, the parties may designate CONFIDENTIAL documents (or documents containing CONFIDENTIAL information) as exhibits without the need to seal those documents to be used as exhibits in open court; provided, however, that the party designating any such document(s) shall in good faith propose redactions of CONFIDENTIAL material not necessary to the intended use and the party who produced the CONFIDENTIAL material may request that the Court take additional steps to protect against disclosure of CONFIDENTIAL material. The parties will comply with the requirements of Local Civil Rule 5.1 of the Local Rules of the United States District Court for the District of Columbia should they seek to file any documents with the Court under seal.

12. Upon a showing of good cause, the Court may permit a Receiving Party to use CONFIDENTIAL material for purposes of this proceeding in a manner inconsistent with the terms of this Order, provided that the Designating Party is first provided an opportunity to oppose such use upon such notice as the Court deems reasonable under the circumstances. Nothing in this Protective Order shall prevent a Designating Party from disclosing or using its own CONFIDENTIAL material in any manner that it considers appropriate, however, any such disclosure or use may support an Objection under Paragraphs 12 and 13.

13. A party may challenge the propriety of any designation under this Agreement and Protective Order at any time. A challenge may be made by serving all other parties and the Designating Party with a captioned Notice of Objection. The Notice shall identify with particularity the CONFIDENTIAL material as to which the designation is challenged and state the

basis for each challenge ("Notice of Objection").

14. Following service of a Notice of Objection, the parties and the Designating Party shall promptly meet and confer in good faith to resolve the challenge. In the event that the parties and the Designating Party are unable to resolve the challenge informally, the party challenging the designation may file, on after service of the Notice of Objection, a motion to redesignate the challenged material accompanied by a certification that the parties and the Designating Party met and conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted under seal to the Court for inspection. It shall be the burden of the Designating Party to establish that the designated information is CONFIDENTIAL within the meaning of this Order. Absent a ruling from the Court redesignating confidential information, the designations as confidential shall stand.

15. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable

steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

16. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the Parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

17. For the purposes of paragraph 15, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

18. For purposes of paragraph 15, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

19. The parties reserve the right to seek modification of this Agreement and Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Agreement and Protective Order for any reason. The restrictions imposed by this Agreement

and Protective Order may only be modified or terminated by written stipulation of all parties and Designating Parties or, after the Designating Party has been provided an opportunity to object, by order of the Court.

20. This Order shall survive termination of this Action. Upon final termination of the Action, including appeals and rehearing, all CONFIDENTIAL material including deposition testimony regarding designated exhibits and all copies thereof, shall be returned by the Receiving Party to counsel for the Designating Party (or, if such Designating Party is not represented by counsel, directly to the Designating Party) or, at the option of the Designating Party, destroyed. Each Receiving Party's compliance with this provision shall be certified by that party's counsel of record who shall deliver such certification to counsel for the Designating Party not more than sixty (60) calendar days after the termination of this Action.

21. At the conclusion of the Action, including appeals, the Clerk of the Court may return to counsel for the parties, or destroy, any sealed material.

22. Notwithstanding the provisions for return or destruction of CONFIDENTIAL material, counsel of record may retain pleadings, attorney and consultant work product.

23. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order.

Dated: August 4, 2023

_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge